UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLADYS YOLTON, et al.,

        Plaintiffs,

v.

EL PASO TENNESSEE
PIPELINE CO., et al.,

        Defendants.
_____/

CIVIL ACTION NO. 02-75164

DISTRICT JUDGE PATRICK J. DUGGAN

MAGISTRATE JUDGE DONALD A. SCHEER

## ORDER DENYING DEFENDANT EL PASO TENNESSEE PIPELINE COMPANY'S MOTION TO ENFORCE THE COURT'S DISCOVERY ORDER DATED SEPTEMBER 17, 2007

This matter is before the magistrate judge on Defendant El Paso Tennessee Pipeline Company's Motion to Enforce the Court's Discovery Order dated September 17, 2007. The motion was referred for hearing and determination in an Order of December 6, 2007. Having reviewed the Motion, together with International Union, UAW's Response and Defendant El Paso's Reply, I find that the Motion should be denied.

The September 17, 2007 Order provided, in pertinent part, as follows:

> 2. The UAW shall produce, for the period 1984 to present, minutes of International Executive Board ("IEB") meetings concerning: (i) Bieber's memorandum dated April 23, 1984, or the subjects discussed therein; (ii) FAS 106; or (iii) the "Mac Truck", "Maytag", "ATT" or "ITT" approach or concept, including, but not limited to the October 1992 meeting of the EIB referenced in Dick Shoemaker's memorandum dated September 15, 1992 marked as Exhibit 21 to Richard Atwood's Deposition dated May 4, 2007.

On November 9, 2007, the UAW produced documents in response to the Order. As to other documents, however, the UAW produced a privilege log in which attorney/client privilege and/or attorney work product protection was claimed with respect to twenty (20) documents. Among those are excerpts from the minutes of fourteen (14) IEB meetings. The privilege log describes the minutes of eight (8) meetings as including discussion "with UAW counsel . . .," and the minutes of six (6) additional meetings as including discussion "in the presence of UAW counsel . . .." Attorney client privilege was asserted as to all fourteen (14) discussions, and attorney work product protection was claimed as to eleven (11) excerpts. By agreement of counsel, the minutes were submitted to the magistrate judge for *in camera* examination to determine, in the first instance, whether the disputed portions are responsive to the September 17, 2007 Order and, if so, whether attorney/client privilege and or attorney work product protection was properly claimed. I have, therefore, reviewed excerpts of the following documents:

1. Proceedings of regular session of International Executive Board, UAW, December 7-8, 1987, Dearborn, Michigan (pages 47-48).
2. Proceedings of regular session of International Executive Board, UAW, December 4-6, 1989, Dearborn, Michigan (pages 207-211).
3. Proceedings of regular session of International Executive Board, UAW, May 18-19, 1992, Detroit, Michigan (pages 78-80).
4. Proceedings of regular session of International Executive Board, UAW, November 8-9, 1999, Detroit, Michigan (pages 44-46).
5. Proceedings of regular session of International Executive Board, UAW, May 8-9, 2000, Detroit, Michigan (pages 36-37).

6. Proceedings of regular session of International Executive Board, UAW, November 8-9, 2000, Detroit, Michigan (pages 67-69).

7. Proceedings of regular session of International Executive Board, UAW, November 6-8, 2002, Cleveland, Ohio (pages 102-104).

8. Proceedings of regular session of International Executive Board, UAW, February 12-14, 2003, Nashville, Tennessee (page 42).

9. Proceedings of regular session of UAW, May 14-15, 2003, Boston, Massachusetts (pages 36-37; 72-75).

10. Proceedings of regular session of UAW, August 6-7, 2003, Warren, Michigan (pages 34-35).

11. Proceedings of regular session of UAW, November 5-6, 2003, St. Louis, Missouri (page 39).

12. Proceedings of regular session of UAW, February 11, 2004, Taylor, Michigan (page 41).

13. Proceedings of regular session of UAW, November 9-10, 2005, Flint, Michigan (pages 73-74).

14. Proceedings of regular session of UAW, May 9-10, 2006, Detroit, Michigan (pages 40-41).

Having examined the documents submitted for my review, I conclude that none meets the production criteria established in my Order of September 17, 2007. Accordingly, it is unnecessary to determine whether the contested portions are entitled to attorney/client privilege or attorney work product protections.

IT IS THEREFORE ORDERED that Defendant El Paso Tennessee Pipeline Company's Motion to Enforce the Court's Discovery Order Dated September 17, 2007 is denied.

                                      s/Donald A. Scheer
                                      DONALD A. SCHEER
                                      UNITED STATES MAGISTRATE JUDGE

DATED:

_____

**CERTIFICATE OF SERVICE**

I hereby certify on January 30, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on January 30, 2008. **Stephanie Goldstein, Fried, Frank, One New York Plaza, New York, NY 10004**

                                      s/Terri Hackman
                                      Secretary to
                                      Magistrate Judge Donald A. Scheer
                                      (313) 234-5217