UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLADYS YOLTON, WILBUR
MONTGOMERY, ELSIE TEAS, ROBERT
BETKER, EDWARD MAYNARD, and
GARY HALSTEAD, on behalf of themselves
and a similarly situated class,

       Plaintiffs,                                     Case No. 02-75164

v.                                                         Honorable Patrick J. Duggan

EL PASO TENNESSEE PIPELINE CO., and
CNH AMERICA, LLC,

       Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE EL PASO'S 12/21/07 PLEADING AND CLOSE RECORD ON SUMMARY JUDGMENT MOTIONS

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on _March 6, 2008.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

In this lawsuit, a Class of retirees of the Case Corporation and surviving spouses of those retirees seek fully funded, lifetime retiree health care benefits. At this stage in the proceedings, the deadlines for discovery and for filing dispositive motions have passed and the parties' motions for summary judgment are pending before the Court. Now before the Court is Plaintiffs' motion to strike a "Supplemental Exhibit" that Defendant El Paso Tennessee Pipeline Co. ("El Paso") filed on December 21, 2007 and to close the

record on the summary judgment motions. For the reasons set forth below, the Court denies Plaintiffs' request to strike El Paso's Supplemental Exhibit and grants Plaintiffs' request to close the record on the summary judgment motions.

Discovery in this case closed on May 18, 2007. At the time, two discovery issues remained outstanding that were the subject of motions to compel pending before Magistrate Judge Donald Scheer. During the first week of June 2007, the parties filed motions for summary judgment. The "final" reply briefs addressing the motions were filed on September 25, 2007. The Court scheduled a hearing on the motions for November 20, 2007.

In the interim, the Court held a hearing on a motion filed by Plaintiffs with respect to the scope of the preliminary injunction entered early in this lawsuit. At the hearing, counsel for El Paso raised the issue of the outstanding discovery disputes and informed the Court that Magistrate Judge Scheer had recently issued a ruling allowing El Paso to depose a UAW Rule 30(b)(6) witness whose testimony might be relevant to the intent of the UAW and Case when they entered into certain labor agreements. An exchange then took place between the Court, Plaintiff's counsel, and El Paso's counsel, where the Court recognized that it may be necessary to file a "limited pleading" informing the Court of any relevant information gleaned from the deposition of the Rule 30(b)(6) witness, but that no more pleadings or discovery would be allowed:

> The Court: . . . I just told you there's going to be no more
> pleadings in this case, except with relation to that deposition.
> I understand I can't preclude either of you from taking the

> deposition and then not telling the Court why it is or is not of impact. So, that limited pleading, that's all, no further discovery, you understand that?
>
> Mr. McClow: It's not my --
>
> The Court: Do you understand that?
>
> Mr. McClow: I understand it.
>
> The Court: And you agree to it?
>
> Mr. McClow: I certainly agree to it.
>
> The Court: Thank you. Mr. Keinbaum, do you accept that?
>
> Mr. Keinbaum: Your Honor, I assume you mean no further discovery other than what Judge Scheer ordered and I fully agree with that, yes.

(10/3/07 Tr.)

The UAW subsequently designated Richard Shoemaker as its Rule 30(b)(6) witness and El Paso completed Mr. Shoemaker's deposition on November 14, 2007. On November 19, 2007, El Paso filed a brief presenting testimony from Mr. Shoemaker's deposition which El Paso believes supports its defense in this case. In that brief, El Paso discussed and attached a memorandum entitled *The New Retiree Health Accounting Standard: Alternatives to Caps* that Mr. Shoemaker testified he circulated when the FAS 106 accounting standard was promulgated. William Hoffman, the head of the UAW's Social Security Department at the time the memorandum was circulated, authored the memorandum. On November 20, 2007, this Court held a hearing on the parties' motions for summary judgment.

On December 12 and 20, 2007, the Detroit Diesel Corporation deposed William Hoffman in an unrelated case pending before the Honorable Denise Page Hood. *Wood v. Detroit Diesel Corp.*, No. 05-74106 (E.D. Mich. filed Oct. 26, 2005). On December 21, 2007, El Paso filed a supplemental pleading in this case, outlining testimony from Mr. Hoffman's deposition which El Paso believes is relevant to its defense. It is this pleading Plaintiffs now seek to strike.

The Court has reviewed El Paso's pleading and does not believe the testimony from Mr. Hoffman's deposition that El Paso highlights therein impacts the outcome of the pending motions for summary judgment. In fact, the Court believes that the information was otherwise submitted in the various pleadings already filed by the parties. The most significant "new" evidence related to Mr. Hoffman that El Paso has introduced is the memorandum he authored regarding the FAS 106 standard, which El Paso presented to the Court in its November 19, 2007 supplemental brief. Plaintiffs did not move to strike that pleading when it was filed. The Court therefore believes that Plaintiffs will suffer no harm if it denies their request to strike El Paso's December 21 supplemental pleading.

Nevertheless, the Court believes that this should be the end to the pleadings filed with respect to the pending motions for summary judgment. The Court is prepared to issue opinion(s) and order(s) with respect to those motions, yet its decision is delayed each time the parties file additional materials. As indicated previously, discovery closed in this case in May 2007. The parties filed the pending motions for summary judgment a month later. At that time, no party indicated to the Court that outstanding discovery

4

impacted its ability to adequately respond to the motions or the Court's ability to decide the motions. In any event, as of this date, all outstanding discovery issues have been resolved.[1] The Court therefore grants Plaintiffs' motion to close the record with respect to the pending summary judgment motions.

Accordingly,

**IT IS ORDERED**, that Plaintiffs' Motion to Strike El Paso's 12/21/07 Pleading and Close Record on Summary Judgment Motions is **GRANTED IN PART AND DENIED IN PART** in that El Paso's pleading is not stricken but the record is closed with respect to the parties' summary judgment motions.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Roger J. McClow, Esq.
Norman C. Ankers, Esq.
Thomas G. Kienbaum, Esq.
Bobby R. Burchfield, Esq.
Stephanie Goldstein, Esq.

---

[1] El Paso states in response to Plaintiffs' motion to strike: "The record *should be closed* when Judge Scheer rules upon El Paso's motion to compel the production of International Executive Board minutes withheld by the UAW as privileges." (El Paso's Resp. Br. at 1 n.1 (emphasis added).) On January 31, 2008, Magistrate Judge Scheer denied El Paso's motion to compel, finding that none of the documents submitted to him for *in camera* review met the production criteria in a previous order that he issued on September 17, 2007. Thus the Court assumes that El Paso now would consent to Plaintiffs' request to close the record with respect to the summary judgment motions.