UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLADYS YOLTON, WILBUR
MONTGOMERY, ELSIE TEAS, ROBERT
BETKER, EDWARD MAYNARD, and
GARY HALSTEAD, on behalf of themselves
and a similarly situated class,
        Plaintiffs,

v.                                                  Case No. 02-75164

EL PASO TENNESSEE PIPELINE CO., and    Honorable Patrick J. Duggan
CASE CORPORATION, a/k/a CASE
POWER EQUIPMENT CORPORATION,
        Defendants
                                 /

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District of
Michigan, on May 6, 2008.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

This matter is before the Court on a motion for clarification or reconsideration filed by Defendant CNH America LLC ("CNH") on March 21, 2008. CNH seeks clarification or reconsideration of this Court's March 7 2008 opinion and order denying CNH's motion for summary judgment. On April 8, 2008, this Court issued a notice informing the parties that it would permit Plaintiffs to respond to the motion, if they desired to do so. Plaintiffs filed a response on April 23, 2008.

On June 4, 2007, CNH filed a motion for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. CNH raised two arguments in support of

its request for summary judgment. First, CNH contended that it is not the same company that entered into the labor agreements by which Plaintiffs assert their right to vested retiree health insurance benefits in this case. Second, CNH argued that Plaintiffs are barred from recovering the above-cap costs of their health care benefits from CNH because, in 1998, the UAW entered into an "accord and satisfaction"– i.e. the "VEBA Agreement"– on Plaintiffs' behalf with Case (the entity that is now CNH).

In an opinion and order issued on March 7, 2008, this Court denied CNH's motion. With regard to CNH's first argument, the Court found "no genuine issue of material fact that CNH is merely a continuation or alter ego of the company that employed Plaintiffs or their spouses and that signed the labor agreements under which Plaintiffs assert a right to lifetime vested retiree health insurance benefits." (Doc. 379 at 18.) With regard to CNH's second argument, the Court concluded that CNH had presented no evidence that Plaintiffs were informed of the actual accord and satisfaction or granted the UAW authority to relieve Case (CNH) of its contractual obligations to pay the costs of Plaintiffs' health insurance benefits. (*Id*. at 21.) Thus the Court concluded that it "cannot find that the VEBA Agreement constitutes an accord and satisfaction." (*Id*. at 22.)

CNH now asks the Court to clarify whether it actually entered summary judgment against CNH on its accord and satisfaction defense in the absence of a motion by Plaintiffs. If the Court entered summary judgment to Plaintiffs on this issue, CNH asks the Court to (1) clarify the standard it used to adduce whether the UAW was authorized to enter into the VEBA Agreement and (2) reconsider and set the "release" issue for trial

because CNH maintains that it would have provided additional evidence had cross-motions for summary judgment on the issue been presented.

In its March 7, 2008 opinion and order, the Court denied summary judgment to CNH on its "release" defense. The Court simply found that CNH failed to demonstrate an absence of a genuine issue of material fact with respect to whether a substitute performance was agreed upon by Plaintiffs– one of three elements that CNH must prove to establish its accord and satisfaction defense. *See UAW v. Yard-Man, Inc.*, 716 F.2d 1476, 1487-88 (6th Cir. 1983). Plaintiffs did not file a motion for summary judgment with respect to CNH's accord and satisfaction defense and the Court had no intention of *sua sponte* granting summary judgment to Plaintiffs on the issue.

Thus the Court grants CNH's request to clarify whether summary judgment was granted to Plaintiffs with respect to its accord and satisfaction defense. CNH's request to clarify the standard used to adduce whether the UAW was authorized to enter into the VEBA Agreement and for reconsideration therefore are moot.

**SO ORDERED**.

                                         s/PATRICK J. DUGGAN
                                         UNITED STATES DISTRICT JUDGE

Copies to:
Roger J. McClow, Esq.
Samuel C. McKnight, Esq.
Norman C. Ankers, Esq.
Thomas G. Kienbaum, Esq.
William B. Forrest, Esq.
Bobby R. Burchfield, Esq.
Kevin S. Hendrick, Esq.