UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLADYS YOLTON, WILBUR
MONTGOMERY, ELSIE TEAS, ROBERT
BETKER, EDWARD MAYNARD, and
GARY HALSTEAD, on behalf of themselves
and a similarly situated class,

    Plaintiffs,

Case No. 02-75164

v.

Honorable Patrick J. Duggan

EL PASO TENNESSEE PIPELINE CO., and
CASE CORPORATION, a/k/a CASE
POWER EQUIPMENT CORPORATION,

    Defendants
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District of
Michigan, on January 7, 2009.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Plaintiffs filed this lawsuit, claiming that Defendants are obligated to provide them with fully funded, lifetime retiree health care benefits. Plaintiffs represent a Class comprised of former employees and surviving spouses of former employees of the Case Corporation (now CNH America, LLC) who retired on or before July 1, 1994. As a defense, CNH America, LLC ("CNH") has asserted that Plaintiffs are barred from recovering the above-cap costs of their health care benefits from the company because the UAW entered into an "accord and satisfaction" on Plaintiffs' behalf with "the new Case

Corporation" (now CNH) in 1998.  In this 1998 agreement, the company agreed to contribute funds to a trust to defray the costs of Plaintiffs' health care benefits and the UAW agreed that the company's contribution completed its funding of those costs.

CNH previously filed a motion for summary judgment with respect to its accord and satisfaction defense, which the Court denied in an opinion and order issued on March 7, 2008.  The issue of whether CNH is entitled to this defense– the only issue aside from damages remaining in this matter– is scheduled for trial on the Court's January/February trial calendar.  Presently before the Court is Plaintiffs' "Motion *In Limine* to Exclude Evidence of the 1998 Negotiations and Strike CNH's Accord and Satisfaction Defense," filed November 21, 2008.  The motion has been fully briefed.

In their motion, Plaintiffs argue that CNH lacks evidence that any of the retirees in the Class consented to the purported accord and satisfaction.  As this Court held in its March 7, 2008 decision, "a union may not bargain away the vested rights of retirees without the retirees' consent."[1]  (Doc. 379 at 19, citing *Cleveland Electric Illuminating Co. v. Utility Workers Union of Am.*, 440 F.3d 809, 817 (6th Cir. 2006).)  Plaintiffs therefore ask the Court to enter summary judgment against CNH pursuant to Federal Rule of Civil Procedure 56 or, alternatively, to eliminate CNH's accord and satisfaction defense as frivolous pursuant to Federal Rule of Civil Procedure 16(c).

---

[1] In an opinion and order issued on March 7, 2008, the Court granted summary judgment to Plaintiffs with respect to the issue of whether they are entitled to vested retiree health insurance benefits.

CNH responds that Plaintiffs' motion should be denied because Plaintiffs sought the Court's permission to file a summary judgment motion with respect to CNH's accord and satisfaction defense at a September 25, 2008 status conference, and the Court explicitly denied their request.  If the Court considers the merits of Plaintiffs' motion, CNH argues that the Court should deny the motion because it is premised on an inaccurate legal assumption– i.e. that the UAW only had the authority to confer a release upon CNH if it had the express consent of each retiree.  CNH argues that the accord and satisfaction is binding on Plaintiffs so long as the UAW had implied or apparent authority to negotiate the applicable agreement with CNH; and CNH argues, there is "ample" evidence that the UAW had such authority.

The deadline for filing dispositive motions in this case was June 1, 2007. (Doc. 247.)  Plaintiffs did not file a motion for summary judgment with respect to CNH's accord and satisfaction defense before that deadline and the Court does not believe that they should be able to do so at this late date. As indicated earlier, CNH did file a motion for summary judgment with respect to its accord and satisfaction defense, but the Court denied the motion.  The Court subsequently stated in response to a motion for clarification filed by CNH that it was not granting summary judgment to Plaintiffs on this issue: "Plaintiffs did not file a motion for summary judgment with respect to CNH's accord and satisfaction defense and the Court had no intention of *sua sponte* granting summary judgment to Plaintiffs on the issue." (Doc. 389 at 3.)  Notably, in response to CNH's motion for clarification, Plaintiffs argued that the Court should enter summary

3

judgment in their favor; however, the Court declined their belated request.

Accordingly,

**IT IS ORDERED**, that Plaintiffs' Motion in Limine to Exclude Evidence of the 1998 Negotiations and Strike CNH's Accord and Satisfaction Defense is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Roger J. McClow, Esq.
Norman C. Ankers, Esq.
Thomas G. Kienbaum, Esq.
Bobby R. Burchfield, Esq.