UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

GLADYS YOLTON, WILBUR MONTGOMERY,
ELSIE TEAS, ROBERT BETKER, EDWARD
MAYNARD, and GARY HALSTED, on                          Hon. Patrick J. Duggan
behalf of themselves and a class of persons
similarly situated,                                   Case No. 02-CV-75164

      Plaintiffs,                             **CLASS ACTION**

v.

EL PASO TENNESSEE PIPELINE CO., and
CNH AMERICA, LLC,

      Defendants.

---

| | |
|---|---|
| KLIMIST, McKNIGHT, SALE, McCLOW & CANZANO, P.C.<br>By:    Roger J. McClow (P27170)<br>Counsel for Plaintiffs<br>400 Galleria Officentre, Suite 117<br>Southfield, MI 48034<br>(248) 354-9650 | KIENBAUM OPPERWALL HARDY & PELTON, P.L.C.<br>By:    Thomas G. Kienbaum (P15945)<br>      William B. Forrest III (P60311)<br>Counsel for Defendant El Paso<br>325 South Old Woodward Avenue<br>Birmingham, MI 48009<br>(248) 645-0000 |
| HONIGMAN MILLER SCHWARTZ AND COHN LLP<br>By:    Norman C. Ankers (P30533)<br>Counsel for Defendant CNH America, LLC<br>2290 First National Building<br>660 Woodward Avenue<br>Detroit, MI 48226<br>(313) 465-7000 | FRIED, FRANK, HARRIS, SHRIVER & JACOBSON<br>By:    Stephanie Goldstein<br>Counsel for Defendant El Paso<br>One New York Plaza<br>New York, NY 10004-1980<br>(212) 859-8000 |
| McDERMOTT WILL & EMERY LLP<br>By:    Bobby R. Burchfield<br>Counsel for Defendant CNH America, LLC<br>600 13th Street, N.W.<br>Washington, D.C. 20005-3096<br>(202) 756-8000 | |

---

## PLAINTIFFS' MOTION FOR ATTORNEY FEES AND EXPENSES

Plaintiffs, by their attorneys, Klimist, McKnight, Sale, McClow & Canzano, P.C., move, pursuant to Fed. R. Civ. P. 23(h) and 54(d)(2) and the Settlement Agreement between Plaintiffs and El Paso Tennessee Pipeline Company ("El Paso Tennessee"), for preliminary approval of an award of a total of $4 million in attorney fees and costs. In support, Plaintiffs state:

1.      The Plaintiffs and El Paso Tennessee have submitted a proposed Settlement Agreement to this Court for preliminary approval under Fed. R. Civ. P. 23(e).

2.      Under the Settlement Agreement, El Paso Tennessee will: (1) provide comprehensive Health Care Benefits for Retiree and Surviving Spouse Class Members for life; and (2) reimburse Class Members for 70% (or 75% for Post-October 3, 1993 Class Members) of the Premium Contributions they paid to maintain coverage in the El Paso Health Care Plan and, to reimburse Class Members who terminated participation in the El Paso Plan, for 70% (or 75% for Post-October 3, 1993 Class Members) of the premiums Class Members paid for alternate health care coverage and for out-of-pocket health care and prescription drug expenses that would have been paid if they had remained in the El Paso Plan.

3.      Under the Settlement Agreement, El Paso Tennessee has agreed to pay up to $4 million in attorney fees and costs for attorney services through the Distribution Date – the date the final Authorized Claim Amount checks are mailed to Class Members.

4.      El Paso Tennessee has agreed to pay $3 million of the attorney fees and costs within thirty (30) days after the Judgment becomes Final and an additional $1 million in attorney fees and costs within (30) thirty days after distribution of the Early Authorized Claim Amount checks pursuant to Section 4(c) of the Authorized Claim Procedure.

5.      The amount of the attorney fees requested is reasonable in light of: (1) the value of the benefits that have been provided to Class Members over the course of this litigation and that will

be provided in the future under the Settlement Agreement; (2) the complexity of the case; and (3) the number of hours and quality of attorney services expended.

6.      Notice of the requested attorney fees, and of the opportunity to object to those fees, is set forth in the Notice of Preliminary Approval of Settlement Agreement.  The Notice and the Settlement Agreement, which sets forth the agreement on attorney fees, will be mailed to all Class Members after entry of the Order of Preliminary Approval by this Court.

7.      El Paso Tennessee does not oppose the relief sought in this Motion, having reviewed the fee request and found it to be reasonable.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter an Order approving Plaintiffs' request for attorney fees and costs.

> Respectfully submitted,
>
> KLIMIST, McKNIGHT, SALE,
> McCLOW & CANZANO, P.C.
>
> By: /s/ Roger J. McClow
> Roger J. McClow (P27170)
> Attorneys for Plaintiffs
> 400 Galleria Officentre, Suite 117
> Southfield, MI 48034
> (248) 354-9650     Fax: (248) 354-9650
> Email: rmcclow@kmsmc.com

Dated: August 12, 2011

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

GLADYS YOLTON, WILBUR MONTGOMERY,
ELSIE TEAS, ROBERT BETKER, EDWARD
MAYNARD, and GARY HALSTED, on                        Hon. Patrick J. Duggan
behalf of themselves and a class of persons
similarly situated,                                  Case No. 02-CV-75164

      Plaintiffs,                               **CLASS ACTION**
v.

EL PASO TENNESSEE PIPELINE CO., and
CNH AMERICA, LLC,

      Defendants.

---

| | |
|---|---|
| KLIMIST, McKNIGHT, SALE,<br>McCLOW & CANZANO, P.C.<br>By:    Roger J. McClow (P27170)<br>Counsel for Plaintiffs<br>400 Galleria Officentre, Suite 117<br>Southfield, MI 48034<br>(248) 354-9650 | KIENBAUM OPPERWALL HARDY<br>& PELTON, P.L.C.<br>By:    Thomas G. Kienbaum (P15945)<br>      William B. Forrest III (P60311)<br>Counsel for Defendant El Paso<br>325 South Old Woodward Avenue<br>Birmingham, MI 48009<br>(248) 645-0000 |
| HONIGMAN MILLER SCHWARTZ<br>AND COHN LLP<br>By:    Norman C. Ankers (P30533)<br>Counsel for Defendant CNH America, LLC<br>2290 First National Building<br>660 Woodward Avenue<br>Detroit, MI 48226<br>(313) 465-7000 | FRIED, FRANK, HARRIS, SHRIVER<br>& JACOBSON<br>By:    Stephanie Goldstein<br>Counsel for Defendant El Paso<br>One New York Plaza<br>New York, NY 10004-1980<br>(212) 859-8000 |
| McDERMOTT WILL & EMERY LLP<br>By:    Bobby R. Burchfield<br>Counsel for Defendant CNH America, LLC<br>600 13th Street, N.W.<br>Washington, D.C. 20005-3096<br>(202) 756-8000 | |

---

**PLAINTIFFS' BRIEF IN SUPPORT OF
MOTION FOR ATTORNEY FEES AND EXPENSES**

**ISSUE PRESENTED**

**Should This Court Approve the Attorney Fees for Plaintiffs' Counsel as Provided in the Settlement Agreement?**

## MOST RELEVANT AUTHORITIES

*CASES*

> *B&G Mining, Inc. v. Director, Office of Workers' Compensation Programs*, 522 F.3d 657
> (6th Cir. 2008

> *Reese v. CNH America LLC*, C.A. 04-70592 (E.D. Mich., May 24, 2011)

*STATUTES*

> Employee Retirement Income Security Act (ERISA),
> Section 502(g)(1), 29 U.S.C. §1132(g)(1)

*FEDERAL RULES OF CIVIL PROCEDURE*

> Rule 23(h)

## I.      INTRODUCTION

Plaintiffs and Defendant El Paso Tennessee Pipeline Co. ("El Paso Tennessee") have submitted a proposed Settlement Agreement to this Court for approval under Fed. R. Civ. P. 23(e). The primary benefits of the proposed Settlement Agreement to Class Members is that El Paso Tennessee: (1) will provide comprehensive Health Care Benefits for Retiree and Surviving Spouse Class Members for life; and (2) reimburse Class Members for 70% (or 75% for Post-October 3, 1993 Class Members) of the Premiums Contributions they paid to remain in the El Paso Health Care Plan, and, for those Class Members who terminated coverage under the El Paso Plan, reimburse those Class Members for 70% (or 75% for Post-October 3, 1993 Class Members) premiums paid for alternate health care coverage and out-of-pocket health care and prescription drug expenses.

Subject to notice to Class Members and this Court's approval, El Paso Tennessee has agreed to pay Class Counsel up to $4 million in attorney fees and costs for all services rendered and all costs incurred through the Distribution Date. El Paso Tennessee will also pay the reasonable costs of reproduction of and postage for the required mailings to Class Members under the Settlement Agreement. Through this Motion, Class Counsel asks that the Court review and approve the provisions for attorney fees and expense reimbursement in the proposed Settlement Agreement.

The Notice of Preliminary Approval of Settlement Agreement and the Class Counsel Letter provide notice to Class Members about the agreement of the parties on attorney fees and costs. Notice of the proposed fees and costs will be sent to all Class Members so that they will be fully informed, not only of the agreement on attorney fees and costs, but of their right to object to the requested fees. This procedure fully complies with Fed. R. Civ. P. 23(h) and 54(d)(2).

The relevant factors for evaluation of this fee request are addressed in this Motion. As shown, the requested fees are reasonable and should be approved.

## II.     THE LITIGATION

As this Court knows, this litigation, which began nearly nine years ago, involves an "employee welfare benefit plan" as defined in Section 3(1) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1002.  The plan was one negotiated between the UAW and Case Corporation (now "CNH America LLC"), and contained in successive collective bargaining agreements between the UAW and CNH America.   The Class Representatives brought this Litigation after El Paso Tennessee announced its intention to require Class Members to pay premium contributions to maintain their Health Care Benefits.  The Class Representatives claimed that El Paso Tennessee and CNH America were obligated to maintain the original benefit levels for the life of the retirees and surviving spouses. This claim was asserted under Section 301 of the Labor Management Relations Act and Section 502 of ERISA, 29 U.S.C. § 1132.  The parties have entered into a Settlement Agreement that has been submitted to this Court for its preliminary approval.

## III.    THE RELEVANT LEGAL STANDARD

Section 502(g)(1) of ERISA allows courts to award "reasonable attorneys fees and costs of action to either party," 29 U.S.C. § 1132(g)(1); *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 441 (6th Cir. 2006).  In determining the amount of the award, a court should consider such factors as the value of the settlement achieved, the time and labor required, awards in similar cases, the skill requisite to properly perform the legal service, the experience, reputation and ability  of the attorneys, and the novelty and difficulty of the questions involved. *See generally B&G Mining, Inc. v. Director, Office of Workers' Compensation Programs*, 522 F.3d 657, 663-65 (6th Cir. 2008).  The degree of success obtained is a critical factor in determining the reasonableness of a fee award. *Barnes v. City of Cincinnati*, 401 F.3d 729, 746-47 (6th Cir. 2005).

2

Rule 23(h) of the Federal Rules of Civil Procedure allows, in a certified class action, a court to award "reasonable attorney fees and nontaxable costs that are authorized by law or by the parties' agreement." A claim for attorney fees must be made by motion. A motion by class counsel must be "directed to class members in a reasonable manner." Fed. R. Civ. P. 23(h)(1). A class member may object to the motion. Fed. R. Civ. P. 23(h)(2). "The court may hold a hearing and must find the facts and state its conclusions under Rule 52(a)." Fed. R. Civ. P. 23(h)(3).

## IV.   THE PROPOSED FEES

The Settlement Agreement sets forth the agreement of the Parties that, subject to notice to the Class and the Court's approval, El Paso Tennessee will pay up to $4 million for all claimed attorney fees and costs through the Distribution Date. Under the proposed Settlement Agreement, El Paso will pay the fees and costs in two installments: (1) $3 million payable within thirty (30) days after the Judgment becomes Final; and (2) the remaining $1 million payable within thirty (30) days after distribution of the Early Authorized Claim Amount checks pursuant to Section 4(c) of the Authorized Claim Procedure.

## V.   THE RELEVANT FACTORS

### A.   THE VALUE OF THE SETTLEMENT ACHIEVED

Effective September 1, 2002, El Paso Tennessee began requiring Class Members to pay premium contributions to maintain their Health Care Benefits. The monthly contribution began at $290 per month, but was raised to $501 per month on January 1, 2003 and $561 per month on January 1, 2004.

As explained in the Joint Motion for Preliminary Approval of the Settlement Agreement, El Paso Tennessee will provide comprehensive health care benefits for Class Members for the life of the Retiree and Surviving Spouse, at no premium cost. In fact, dental, vision and hearing aid

3

benefits will be improved under the Settlement Agreement and life insurance benefits will be maintained at the levels set forth in the 1990 Group Benefit Plan for the life of the Retirees.

El Paso Tennessee will also pay 70% to 75% of any properly documented damage claims Class Members incurred from September 1, 2002 through the date the Preliminary Injunction became effective. If a Pre-October 3, 1993 Class Member remained in the El Paso Group Benefit Plan through March 15, 2004 when the Preliminary Injunction became effective (and nearly 60% of Class Members remained in the Plan), the Class Member would have paid a total of $8,754.50 in premium contributions. Under the Settlement Agreement, these Class Members would receive 70% of that amount, or $6,002.15. Class Members who terminated participation in the El Paso Plan would receive 70% of any premiums they did pay plus 70% of any premiums for alternate coverage and 70% of out of pocket costs for health care and prescription drug coverage.

About 100 Class Members, (the Post-October 3, 1993 Class Members) were not covered by the injunction until October 17, 2007. They will receive 75% of the premiums paid to El Paso plus 75% of any premiums for alternate coverage and 75% of out-of-pocket costs for health care and prescription drug coverage.

Other benefits to the Class are:

1.      The Settlement Agreement will be incorporated in an enforceable Judgment.

2.      The Indemnity Plan, which had several severe limitations and a lifetime maximum Type C benefit, will be replaced by modern, comprehensive medical plans that do not have those limitations.

3.      El Paso Tennessee will relinquish its right to appeal this Court's March 7, 2008 Liability Judgment to the Sixth Circuit Court of Appeals and to the Supreme Court.

4.      El Paso Corporation, the parent of El Paso Tennessee, will guaranty El Paso Tennessee's obligation under the Settlement Agreement.

5.      Under the credit support provisions of the Settlement Agreement, if the senior unsecured debt rating of El Paso Corporation and El Paso Tennessee is not Investment Grade and their Total Equity falls below certain levels in relation to the present value of El Paso's health care obligation to Class Member(s), El Paso Tennessee will be required to place either two or four times its annual benefit obligation in escrow (or obtain a letter of credit for the relevant amount), giving Class Members additional security they would not have in the absence of a settlement.

6.      While CNH America will be dismissed without prejudice, a Tolling Agreement preserves the right of the Class to proceed against CNH America if El Paso Tennessee and El Paso Corporation default on their obligations.

7.      The Settlement health care plans are "defined benefit" plans. Therefore, such things as the prescription drug co-pays will not increase in the future. The burden of health care inflation will fall mostly on El Paso Tennessee, not the Class Members.

The estimated present value of the Settlement Plans going forward is about $350 million. The total of the Authorized Claims Amounts will be more than $15 million. Since the Preliminary Injunction became effective in March 2004, El Paso has paid more than $150 million in contributions for benefits. In other words, the requested attorney fees are less 1% of the value of the benefits obtained by Class Counsel for Class Members in this litigation. Class Counsel achieved great results for Class Members and is entitled to the agreed upon attorney fees.

5

**B.    TIME AND LABOR EXPENDED**

As the Affidavit of Class Counsel Roger McClow demonstrates, Klimist, McKnight, Sale, McClow & Canzano spent an enormous amount of time prosecuting this case on behalf of the Class. The litigation was hard fought at every stage.  This Court has issued more than 40 orders in this case, most of them a result of contested motions.  Both El Paso Tennessee and CNH America appealed the issuance of the injunction to the Sixth Circuit Court of Appeals.  Discovery was extensive and included the production and review of hundreds of thousands of pages of documents. Dozens of depositions were taken in six states.

From October 2002 through July 31, 2011, the firm of Klimist, McKnight, Sale, McClow & Canzano spent a total of 7,702.75 attorney hours and 3,475 paralegal hours litigating this case.  Lead Class Counsel Roger McClow spent 6573.75 hours; senior partner Samuel McKnight spent 636.50 hours; other partners spent 42.75 hours; and associates spent 449.75 hours. (*See* Exhibit 1, Affidavit of Roger J. McClow, Exhibit A, Statement of Attorney Services).  The taxable and nontaxable costs associated with the litigation have been approximately $198,873. (*Id.*, Exhibit B)

Class Counsel expects that he and his Firm will spend hundreds of additional hours of attorney time through the Distribution Date.  For example, Class Counsel will travel to the various locations where most of the Class Members live (Racine and Wausau, Wisconsin; the Quad Cities and Burlington, Iowa; Terre Haute, Indiana and Burr Ridge, Illinois) to explain the terms of the Settlement Agreement, to address concerns and to handle administrative matters connected with the Settlement.  Class Counsel will process more than 3000 Claim Forms, including those of about 1500 Class Members who were terminated from the El Paso Plan on or after September 1, 2002.  For these individuals (or their Estates) who file claims, Class Counsel will have to review and calculate claims

6

for the cost of alternate insurance coverage and out-of-pocket health care and prescription drug expenses that would have been covered under the El Paso Plan.  The claims process will consume an enormous amount of time for attorneys and paralegals for a period of a year or more.  Moreover, Class Counsel will be responsible for monitoring the ongoing administration of the Settlement Agreement after the Distribution Date.

> ### C.    AWARDS IN SIMILAR CASES

In *Reese v. CNH America*, C.A. 04-70592 *8 (E.D. Mich., May 24, 2011), this Court recently awarded Klimist, McKnight, Sale, McClow & Canzano attorney fees at the rates of $475 for lead counsel McClow and McKnight; $370 for partners; and $230 for associates.  This hourly rate was based on similar awards in other retiree health care cases in this District. *UAW v. General Motors Corp.,* C.A. No. 07-14174 (E.D. Mich., July 31, 2008); *UAW v. Chrysler LLC*, C.A. C.A. No. 07-14310 (E.D. Mich., May 16, 2008) (Exhibit 3); in *UAW v. Ford Motor Co*., C.A. No. 07-14845 (E.D. Mich., July 7, 2008) (Exhibit 4); *Leonhardt v. ArvinMeritor, Inc*., C.A. No. 04-72845 (E.D. Mich., Oct. 10, 2008) (Exhibit 5).

Using those figures (and $125 an hour for paraglegals), the value of the services through July 31, 2011 is $3,978,503.85.  With expenses paid through July 31, 2011, the value of Class Counsel's services is about $4,178,000.  Because Class Counsel will spend hundreds of additional hours of attorney and paralegal time through the Distribution Date, the requested fees and costs are clearly reasonable.

> ### D.    NOVELTY AND DIFFICULTY OF THE QUESTIONS

The litigation was factually complex.  It involved an in-depth exploration of the source, development and meaning of contractual benefit language which had its genesis in the early 1970's. More than 300,000 pages of documents were produced, examined, organized and summarized

during discovery.  Until 2008, when all of the documents were finally scanned, Class Counsel had two full rooms devoted to the *Yolton* and *Reese* lawsuits.  For several years, Class Counsel employed a full time paralegal to organize, analyze and summarize documents.  Dozens of depositions were taken in Michigan, Illinois, Wisconsin, Texas, Arizona and Indiana.

The litigation was legally complex as well.  El Paso Tennessee and CNH America vigorously litigated procedural and substantive legal issues, including injunctive relief, the amount of the injunction bond, class certification, discovery, evidentiary questions and a range of other issues. El Paso Tennessee filed a motion for approval of administrative changes to the health care plan.  El Paso and CNH America filed several motions for summary judgment. There was a trial on CNH America's accord and satisfaction defense.

Absent settlement, Class Members undoubtedly would have to endure a lengthy appeal process perhaps lasting several additional years for resolution of the disputed questions.  There is always a risk that the Class Members here ultimately would not prevail on the merits of their claim. In that event, Class Members could have been left with no health care coverage at all.  By agreeing to settle the case, all uncertainties were avoided and Class Members will be provided with comprehensive, lifetime health care coverage.

In view of the complexity and difficulty of both the factual and legal aspects of the litigation, the negotiated fees are certainly reasonable and should be approved by the Court.

### E.   PROFESSIONAL SKILL AND STANDING OF COUNSEL

This case was principally handled by Roger J. McClow, one of the senior partners in the Firm of Klimist, McKnight, Sale, McClow & Canzano, P.C., who is now Of Counsel to the Firm. As demonstrated by the attached affidavits, Mr. McClow has over 34 years of trial experience.  For the past 32 years, he has specialized in labor and employment law.  He has served for four years as a

8

council member of the Labor and Employment Law Section of the Michigan Bar. He is listed in Who's Who in American Law (since 1994-95 editions, Who's Who in the Midwest (since 1996-97edition) and Who's Who in America (since1998). He is rated AV by Martindale-Hubbell. He has successfully prosecuted numerous retiree health care lawsuits and other equally complex state and federal court cases involving multiple parties and millions of dollars.

This Court has presided over several hearings and has reviewed dozens of pleadings filed by Class Counsel. The Court can itself judge whether Class Counsel's skill justifies the attorney fees in the proposed Settlement Agreement. Class Counsel located and interviewed many former management personnel and Class Members throughout the country whose testimony supported the Plaintiffs' legal position. Class Counsel conducted extensive discovery which produced a wide array of evidence favorable to Plaintiffs. Class Counsel successfully defended against CNH America's motion to dismiss (Dkt. 26); filed a successful motion for a preliminary injunction (Dkt. 80); prevailed at the Court of Appeals when El Paso Tennessee and CNH America appealed the Court's Preliminary Injunction, *Yolton v. El Paso Tennessee Pipeline Co.*, 435 F.3d 571 (6th Cir. 2006); filed a successful motion to extend the preliminary injunction to Post-October 3, 1993 Class Members (Dkt. 345); successfully defended CNH America's motion for summary judgment based on its contention that the pre-IPO Case Corporation was a different legal entity than the post-IPO Case Corporation (Dkt. 379); filed a successful motion for summary judgment, resulting in the March 7, 2008 judgment of liability in favor of Plaintiffs (Dkt. 380); successfully defended against El Paso Tennessee's motion for approval of administrative changes to the benefit levels (Dkt. 381); and, after a trial in January 2009, prevailed against CNH America's accord and satisfaction defense. (Dkt. 434).

9

Class Counsel and Counsel for El Paso Tennessee conducted lengthy and complex negotiations that resulted in the detailed settlement documents that will govern the health care benefits provided to Class Members until the last Class Member dies.  In doing so, Class Counsel has obtained additional protection for Class Members that they would not have had even if they had been entirely successful in the Litigation, including the Guaranty of El Paso Corporation and the credit support and successor provisions of the Settlement Agreement.

Through the efforts of Class Counsel, Class Members will be assured of comprehensive Health Care Benefits for life with no premium contributions.  This excellent result was produced through the skill and diligence of Class Counsel.  The attorney fees in the proposed Settlement Agreement are reasonable and should be approved.

## V.    ABSENCE OF COLLUSION OR CONFLICT OF INTEREST

The parties separated their discussions of attorney fees from the discussions of the many issues presented by the litigation and the negotiation of the proposed Settlement Agreement.  There were no serious negotiations as to the amount of attorney fees until the basic terms of an agreement in principle were reached on the claims of the Class.  Thus, the amount of the fees had no adverse impact on the level, duration or security of health care benefits or the amount of reimbursement. *See Malchman v. Davis*, 761 F.2d 893, 905 (2d Cir. 1985).  The fact that Class Members will:  (1) have comprehensive Health Care Benefits for life with no premium contributions; (2) recover a significant percentage of their out-of-pocket expenses from the date the benefits were modified until the Preliminary Injunction became effective; and (3) have additional security for the payment of their benefits underscores that the amount of the fees did not impact the benefits achieved for the Class through settlement.

10

Following the Supreme Court's decision in *Evans v. Jeff D.*, 475 U.S. 717 (1986), courts have recognized that simultaneous negotiation of a settlement and attorney fees is allowed. *See Ashley v. Atlantic Richfield*, 794 F.2d 128, 137-138 (3d Cir. 1986); *Malchman v. Davis*, 761 F.2d 893 (2d Cir. 1985); *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993). Here, the parties were careful to avoid even the appearance of impropriety. Class Counsel and Counsel for El Paso Tennessee did not allow any consideration of attorney fees to impact their discussions regarding the scope or duration of the benefits provided to the Class under the Settlement Agreement. The parties avoided any potential conflict of interest. The amount of attorney fees relative to the value of the Settlement Agreement to Class Members is an indicia that there was no conflict of interest or collusion.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Honorable Court approve and award the attorney fees and costs provided under the proposed Settlement Agreements.

Respectfully submitted,

KLIMIST, McKNIGHT, SALE,
McCLOW & CANZANO, P.C.

By:   /s/ Roger J. McClow
Roger J. McClow (P27170)
 Attorneys for Plaintiffs
 400 Galleria Officentre, Suite 117
Southfield, MI 48034
(248) 354-9650     Fax: (248) 354-9650
Email: rmcclow@kmsmc.com

Dated: August 12, 2011

11

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2011, I electronically filed Plaintiffs' Motion for Attorney Fees and costs with the Clerk of the Court using the ECF system.

KLIMIST, McKNIGHT, SALE,
McCLOW & CANZANO, P.C.

By:  /s/ Roger J. McClow
Roger J. McClow (P27170)
Attorneys for Plaintiffs
400 Galleria Officentre, Suite 117
Southfield, MI 48034
(248) 354-9650    Fax: (248) 354-9650
Email: rmcclow@kmsmc.com

Dated: August 12, 2011

157558

P:\RHC Cases\Case Corp\Case - Yolton litigation\Settlement documents\atty fee pet.wpd

12