UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLADYS YOLTON, WILBUR MONTGOMERY,
ELSIE TEAS, ROBERT BETKER, EDWARD
MAYNARD, and GARY HALSTED, on behalf
of themselves and a similarly situated class,

        Plaintiffs,

        Case No. 02-CV-75164

v

        Patrick J. Duggan

EL PASO TENNESSEE PIPELINE CO., and
CNH AMERICA LLC,

        **Class Action**

        Defendants.

_____/

# EXHIBIT 5

## TO

### PLAINTIFFS' MOTION FOR ATTORNEY FEES AND EXPENSES

*LEONHARDT V. ARVINMERITOR, INC.*
C.A. No. 04-72845 (E.D. Mich., Oct. 10, 2008)(Edmunds, J.)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEONHARDT, LAWRENCE M. FIRMANI,
and SAM CARUSO, for themselves and others similarly
situated, and UNITED STEELWORKERS OF AMERICA,
AFL-CIO-CLC,

    Plaintiffs,

v.                                      Case No. 04-CV-72845

                                         U.S. District Judge Nancy G. Edmunds

ARVINMERITOR, INC.; NORTH AMERICAN
ROCKWELL CORPORATION; ROCKWELL
INTERNATIONAL CORPORATION;
and ROCKWELL AUTOMATION,

    Defendants.

_____/

## CORRECTED OPINION AND ORDER
## GRANTING MOTION FOR ATTORNEY FEES AND EXPENSES [48]

Plaintiffs and class representatives Robert Leonhardt, Lawrence M. Firmani, and Sam Caruso, for themselves and on behalf of the certified class, having filed a Motion For Attorney Fees And Expenses (Docket 48) pursuant to Fed. R. Civ. P. 23(h) and 54(d) and Section 502(g)(1) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1132(g)(1) and the Settlement Agreement entered into by the parties and approved by the Court as fair, reasonable and adequate pursuant to Rule 23(e) (Docket 51), and the Court having considered the motion and the declaration and exhibits accompanying the motion and being otherwise advised, the Court grants the motion and finds and orders as follows:

1. "In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement" upon motion under Rule 54(d)(2), subject to Rule 23(h) procedures. Fed. R. Civ. P. 23(h).

2. In ERISA actions by a "participant" or a "beneficiary," the court "in its discretion may allow a reasonable attorney's fee and costs of action to either party." Employee Retirement Security Act Section 502(g)(1), 29 U.S.C. §1132(g)(1); *Jordan v. Michigan Conf. of Teamsters Welfare Fund*, 2000 WL 33321350 (E. D. Mich.) at *3 (Edmunds, J.).

3. Attorney fee awards may be determined by the "lodestar approach" which entails calculation of "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Jordan v. Michigan Conf. of Teamsters Welfare Fund*, 2000 WL 33321350 (E. D. Mich.) at *5 (Edmunds, J.), citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

4. A reasonable hourly rate is determined according to the "prevailing market rates in the relevant community." To ascertain that community, district courts "are free to look to a national market, an area of specialization market or any other market they believe appropriate to fairly compensate particular attorneys in individual cases." *Jordan v. Michigan Conf. of Teamsters Welfare Fund*, 2000 WL 33321350 (E. D. Mich.) at *5 (Edmunds, J.), citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *McHugh v. Olympia Entertainment, Inc.*, 37 Fed. Appx. 730, 740 (6th Cir. 2002); *Louisville Black Police Officers Org. v. City of Louisville*, 700 F.2d 268, 278 (6th Cir. 1983).

5. "The court must ensure that class counsel are fairly compensated for the amount of work done and the results achieved. ... The core inquiry is whether the award is reasonable under the circumstances. ... [T]here is a public interest in ensuring that attorneys willing to represent employees in ERISA litigation are adequately paid so that they and others like them will continue to take on such cases. Adequately compensatory fee awards in successful class actions promote private enforcement of and compliance with important areas of federal law. ... An ERISA case involves highly-specialized and complex areas of law." *Rankin v. Rots*, 2006 WL 1791377 (E.D. Mich.) at *1-3 (Cohn, J.) (citations omitted).

6. Recent fee awards in ERISA retiree health benefit class action settlements in the Eastern District of Michigan approved rates of $475 per hour for lead and experienced class counsel and $125 per hour for law clerks and paralegals. See *UAW v. General Motors Corp.*, U.S.D.C., E.D. Mich. no. 07-cv-14074 (July 31, 2008 order); *UAW v. Ford Motor Co.*, U.S.D.C., E.D. Mich. no. 07-cv-14845 (July 7, 2008 order); *UAW v. Chrysler, LLC*, U.S.D.C., E.D. Mich. no. 07-cv-14310 (May 16, 2008 order).

7. Here, class counsel reasonably devoted and appropriately documented work hours in the prosecution of this action for the period April 8, 2004 through June 30, 2008 as follows: 1,211.60 attorney hours and 537.50 paralegal and law clerk hours.

8. A rate of $475 per hour for class counsel is reasonable and warranted for Stuart M. Israel, William T. Payne, Renate Klass, and Douglas Greenfield.

9. A rate of $125 per hour for paralegals and law clerks assisting class counsel is reasonable and warranted.

10. Plaintiffs reasonably spent and appropriately documented costs and expenses in the prosecution of this action for the period April 8, 2004 through June 30, 2008 in the amount of $10,857.15.

11. The fees and expenses requested for the period April 8, 2004 through June 30, 2008 totaling $653,554.65 are reasonable, warranted, approved and allowed. Pursuant to the Settlement Agreement (Docket 46, Ex. 1, ¶17), class counsel is authorized to withdraw this approved amount from the reserve funds and appropriately distribute it.

12. Pursuant to the Settlement Agreement (Docket 46, Ex. 1, ¶17) and the procedure described in the approved class notice (Docket 46, Ex. 2; Docket 47), class counsel may submit supplemental fee and expense requests for work done and expenses incurred after June 30, 2008 in connection with the settlement approval process and the implementation of the Settlement Agreement and judgment, and the Court will appropriately address and decide those supplemental requests as they are made.

s/ Nancy G. Edmunds
Nancy G. Edmunds
United States District Court Judge

Dated: October 10, 2008