

FILED
AUG 19 2011
CLERK'S OFFICE
DETROIT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

*Yolton, et al v. El Paso Tennessee Pipeline Co., et al* -- Case No. 02-CV-75164

## NOTICE OF PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT AND HEARING TO BE HELD TO APPROVE THE PROPOSED SETTLEMENT

To: Certain retired bargaining unit employees of Case Corporation and certain of their eligible surviving spouses

This Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and pursuant to an Order of the United States District Court for the Eastern District of Michigan, entered on August 19, 2011. It is directed to certain bargaining unit employees who retired from Case Corporation (formerly J.I. Case Company) and to certain eligible surviving spouses who are Class Members in the Litigation. This Notice is intended to provide Class Members with information about the proposed Settlement Agreement reached by the parties.

## THE CLASS

On September 3, 2004, the Court certified that this Litigation may proceed and be maintained as a class action pursuant to Rule 23(b)(1) and (b)(2) of the Federal Rules of Civil Procedure. For purposes of the Settlement Agreement, the Class consists of the following persons:

> All former bargaining unit employees who retired under the Case Corporation (formerly J.I. Case) Pension Plan for Hourly Paid Employees on or before July 1, 1994 (other than former employees eligible for or receiving retirement benefits under the deferred vested provisions of the Pension Plan) and all surviving spouses who are (1) spouses of former bargaining unit employees who retired or died on or before July 1, 1994; and (2) eligible for or receiving surviving spouse benefits under the Case Corporation (formerly J.I. Case) Pension Plan for Hourly Paid Employees, other than a deferred vested pension.

## NATURE OF THE ACTION

This Litigation concerns Health Care Benefits for Retirees and Surviving Spouses described as Class Members in the above description of the Class.

On December 23, 2002, six Class Representatives, for themselves and on behalf of similarly situated Case Corporation Retirees and Surviving Spouses, sued El Paso Tennessee Pipeline Co. and Case Corporation (the "Defendants") in the United States District Court for the Eastern District of Michigan ("Court"). Class Representatives sought a declaratory judgment that El Paso Tennessee and Case Corp. were required to provide these Retirees and Surviving Spouses with lifetime Health Care Benefits. Class Representatives also sought monetary damages and injunctive relief. Class Representatives asserted that, when, beginning in August 2002, the Defendants required Class Members to pay premium contributions to maintain their Health Care Benefits, they had: (1) breached the applicable collective bargaining agreements between the Case Corporation and the UAW; and (2) violated the Employee Retirement Income Security Act ("ERISA"). El Paso Tennessee and Case Corp. denied that they had breached the collective bargaining agreements or ERISA and asserted certain affirmative defenses to the Litigation.

On December 31, 2003, the Court issued a Preliminary Injunction requiring El Paso Tennessee to pay the full cost of Health Care Benefits for Class Members. On March 9, 2004, the Court modified the Preliminary Injunction, ruling that Case Corp. was responsible for providing Health Care Benefits for Class Members.

On January 17, 2006, the United States Court of Appeals for the Sixth Circuit affirmed the Court's issuance of the Preliminary Injunction.

On March 8, 2008, the Court held that El Paso Tennessee and Case Corp. (now known as CNH America LLC) were both obligated to provide lifetime Health Care Benefits for Class Members and entered summary judgment as to liability in favor of the Class Representatives. Because this judgment was to liability only, and individual damages remained to be determined, the judgment was not final and, therefore, is not yet appealable.

During the process of the Litigation, counsel for El Paso Tennessee, Case Corp. and the Class Representatives conducted a very extensive investigation of the facts and the law. The Class Representatives and Class Counsel have concluded that, under the circumstances and given that further appeals will take time and that final success is not guaranteed, the proposed Settlement Agreement is fair to and in the best interests of the Class. The Class Representatives and Class Counsel fully support the proposed Settlement Agreement.

While El Paso Tennessee continues to deny liability, it desires to settle the action on the terms set forth in the Settlement Agreement in order to put to rest all further controversy and to avoid the expense of further, protracted litigation.

This Notice is not meant to imply that there has been any violation of law or that Class Members will be ultimately successful if this lawsuit were not settled.

## SUMMARY OF THE PROPOSED SETTLEMENT AGREEMENT

A copy of the Settlement Agreement, and certain of the pertinent Exhibits, is enclosed with this Notice. Because the Settlement Agreement describes your continuing Health Care Benefits from El Paso Tennessee and your right to damages, all Class Members should read the Settlement Agreement very carefully.

The Court gave preliminary approval to the Settlement Agreement in an Order dated August 19, 2011. The Settlement Agreement is subject to final approval by the Court after

considering any objections filed by Class Members. If approved, the Court will enter a Judgment requiring El Paso Tennessee to comply with the terms of the Settlement Agreement.

If a Judgment approving the Settlement Agreement is not entered by December 18, 2011, El Paso Tennessee can implement the modified Health Care Benefits Plan summarized briefly below. If the Court does not give final approval to the Settlement Agreement, El Paso Tennessee will reinstate the 1990 Group Benefit Plan within 90 days of written notice of termination by Class Counsel or El Paso Tennessee, and the Litigation will continue.

### HEALTH CARE BENEFITS UNDER THE PROPOSED SETTLEMENT AGREEMENT

Under the Settlement Agreement, El Paso Tennessee will provide a comprehensive Managed Care Plan for Class Members who are not Medicare-eligible. The Managed Care Plan provides a full range of hospital, surgical and medical services through a network of health care providers. Blue Cross Blue Shield of Texas will administer the Managed Care Plan.

For in network services, the Managed Care Plan will pay 100% of the cost of health care services, with a $10.00 co-pay for such things as doctor's office visits. For network services, there is no deductible, no co-insurance and no lifetime maximum benefit.

For out-of-network services, the Managed Care Plan pays 90% of the reasonable and customary cost of services after an annual deductible of $100.00 per person. Once a covered individual has paid a total of $600.00 per year (including the deductible), non-network services are paid at 100% of the reasonable and customary charge.

If a Class Member lives outside the network, all services will be paid as if they were network services.

For Medicare-eligible Class Members, El Paso Tennessee will provide the Medicare Supplement Plan L. The Medicare Supplement Plan L will pay 75% of the annual Medicare Part

4

A deductible and 75% of the 20% co-payment that Medicare Part B does not pay for services like doctors' visits. The Medicare Supplement Plan L also provides an additional 365 lifetime days of hospital coverage beyond what Medicare provides. The Medicare Supplement Plan L does not pay any part of the Medicare Part B deductible ($162.00 in 2011), but there is an out-of-pocket maximum. For 2011, after a participant has paid $2,320 for the year in out-of-pocket expenses, the Medicare Supplement Plan L pays 100% of all covered expenses. El Paso Tennessee will initially provide the Medicare Supplement Plan L through AARP.

The current Indemnity Plan will be eliminated.

The Prescription Drug Plan will have co-pays of $5.00 for generic drugs; $10.00 for brand name formulary drugs; and $15.00 for non-formulary brand name drugs for a 30-day retail supply. For a 90-day supply of mail order drugs, the co-pays will be $10.00; $20.00; and $30.00. Class Members will be required to use generic drugs where available and purchase maintenance drugs through mail order (after three months of retail purchases).

El Paso Tennessee will continue to provide Dental, Vision and Hearing Aid Benefits. The levels of these benefits will be increased from current levels. For example, the annual maximum payment for certain types of dental expenses will be increased by $200.00, from $1,400.00 to $1,600.00 per person per year; certain vision expense benefits will be increased by 10%; and the maximum benefit for hearing aids will be increased from $303.20 to $350.00 per ear.

El Paso Tennessee will maintain Health Care Benefits, as modified by the Settlement Agreement, for the lifetime of all Retirees and Surviving Spouses.

El Paso Tennessee will maintain current Life Insurance Benefits for the lifetime of all Retirees.

El Paso Tennessee will pay the full premium cost of these Health Care Benefit and Life Insurance plans.

**This is only a very brief summary of the main provisions of the modified Health Care Benefit plans.** Full details of all of the Health Care Benefit plans are contained in the Summary Plan Description, a copy of which is Exhibit K to the Settlement Agreement. You should consult the Summary Plan Description for more information about the Health Care Benefit plans that will be implemented if the Settlement Agreement is approved by the Court.

### AUTHORIZED CLAIM PROCEDURE

The Settlement Agreement provides that El Paso Tennessee will reimburse eligible Class Members for a portion of the Premium Contributions and certain other expenses, including substitute insurance and out-of-pocket health care and prescription drug expenses, incurred as a result of El Paso Tennessee's requirement that, beginning September 1, 2002, Class Members pay Premium Contributions to maintain their Health Care Benefits. The amounts reimbursed under the Settlement Agreement are called the Authorized Claim Amounts.

For Pre-October 3, 1993 Class Members (those who were covered by the Preliminary Injunction when it first became effective on March 15, 2004) El Paso Tennessee will pay 70% of the Premium Contributions and 70% of other properly documented out-of-pocket health care expenses those Class Members incurred for the period September 1, 2002 through March 15, 2004.

For Post-October 3, 1993 Class Members (those who were not covered by the Preliminary Injunction until October 17, 2007) El Paso Tennessee will pay 75% of the Premium Contributions and 75% of other properly documented health care expenses those Class Members incurred for the period September 1, 2002 through October 17, 2007.

Authorized Claim Amounts will be determined pursuant to an Authorized Claims Procedure, which is Exhibit A to the Settlement Agreement. All Class Members will be provided a written Notice of Opportunity to File Damage Claim, and a Damage Claim Form that will show the Premium Contribution amount that each Class Member paid to El Paso Tennessee, according to records supplied by El Paso Tennessee. Class Members who terminated coverage with El Paso Tennessee before the Preliminary Injunction became effective as to them will be required to document any expenses they incurred for substitute insurance premiums and health care and prescription drug expenses that would have been paid by the 1990 Group Benefit Plan.

**Early Authorized Claim Amount Payment**: Under the Settlement Agreement, Class Members must wait until the conclusion of the Authorized Claim Procedure to receive payment of their Authorized Claim Amount. This process may take a year or longer to complete. But a Class Member who: (1) agrees that the Premium Contribution amount shown on the Damage Claim Form is correct; (2) does not seek additional damages for the cost of substitute insurance and for out-of-pocket health care expenses and prescription drug expenses; and (3) signs a Release and timely returns the Release to Class Counsel will be eligible for an early Authorized Claim Amount payment from El Paso Tennessee.

### EL PASO TENNESSEE'S OBLIGATION UNDER THE SETTLEMENT AGREEMENT

El Paso Tennessee will pay the Authorized Claim Amount and will continue to pay the entire premium cost for all Health Care Benefits. El Paso Tennessee will provide these programs for the lifetime of the Retirees and eligible Surviving Spouses. The Judgment will require that El Paso Tennessee comply with its obligations under the Settlement Agreement.

El Paso Corporation, the parent company of El Paso Tennessee, will sign a Guaranty that will require El Paso Corporation to guaranty all of El Paso Tennessee's obligations under the Settlement Agreement.

El Paso Tennessee has agreed to pay Class Counsel an amount of up to $4 million in attorney fees and costs for services rendered through the date the Authorized Claim Amount checks are distributed. Class Counsel has filed a motion for approval of these attorney fees and costs, a copy of which is attached. These costs and fees are subject to approval by the Court after a hearing on any objections filed by Class Members.

### SETTLEMENT OF ALL CLASS MEMBER CLAIMS AND DISMISSAL OF THE LITIGATION

This Settlement Agreement settles all claims of the Class Members and anyone claiming on behalf of or through a Class Member (including but not limited to any spouse, Surviving Spouse, beneficiary or dependent of a Class Member). If the Settlement Agreement is approved, Class Members will only have claims for Health Care Benefits that arise under the Settlement Agreement. All claims for Health Care Benefits that do not arise under the Settlement Agreement will be dismissed with prejudice in the Judgment.

### THIS NOTICE IS JUST A SUMMARY OF THE TERMS OF THE SETTLEMENT AGREEMENT

This Notice contain just a summary of the terms of the Settlement Agreement. The full terms of the settlement of the Litigation are contained in the text of the Settlement Agreement and the attached Exhibits. In the event of any inconsistency between this Notice and the Settlement Agreement, the Settlement Agreement is the controlling document.

### **HEARING**

Pursuant to an Order of the Court entered on August 19, 2011 there will be a hearing before the Honorable Patrick J. Duggan in Courtroom 867, 231 W. Lafayette, Detroit, Michigan

48226 on November 17, 2011 at 2:00 P.M. for the purpose of determining whether the proposed Settlement Agreement is fair, reasonable, and in the best interests of the class and whether it should be finally approved by the Court. The hearing may be adjourned from time to time by the Court without further notice.

You do not have to come to the hearing. Class Counsel will attend the hearing. Any Class Member may appear at the hearing and, if he or she has objected to the proposed Settlement Agreement, tell the Court why the proposed Settlement Agreement should not be approved. No Class Member will be heard at the hearing unless he or she files written objections with the Court at the above address on or before November 17, 2011, and by the same date sends a copy of the objections to each of the following: (a) Class Counsel Roger J. McClow, Klimist, McKnight, Sale, McClow & Canzano, P.C., 400 Galleria Officentre, Suite 117, Southfield, MI 48034; (b) El Paso Tennessee Counsel William B. Forrest III, Kienbaum Opperwall Hardy & Pelton, 280 N. Old Woodward, Suite 400, Birmingham, MI 48009.

Any member of the Class who does not make his or her objections in this manner will be deemed to have waived his or her objections and will be forever precluded from making any objections to the fairness or adequacy of the proposed Settlement Agreement. Objections should bear the following heading: *Yolton, et al. v. El Paso Tennessee*, Case No. 02-CV-75164, Objections to Proposed Settlement Agreement.

If, after the hearing, the Court determines that the proposed Settlement Agreement is fair, reasonable and in the best interests of the Class and enters a Final Judgment approving it, that judgment will be binding on all Class Members, regardless of whether objections have been filed.

Dated: Aug 19, 2011

156226

*Linda Hacker for*

**DAVID J. WEAVER**
Clerk of the Court