UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLADYS YOLTON, WILBUR MONTGOMERY,
ELSIE TEAS, ROBERT BETKER, EDWARD
MAYNARD, and GARY HALSTEAD, on behalf
of themselves and a similarly situated class,

        Plaintiffs,

v.

EL PASO TENNESSEE PIPELINE CO., and
CNH AMERICA, LLC,

        Defendants.

_____/

Case No. 02-cv-75164

Hon. Patrick J. Duggan

**Class Action**

## STIPULATED ORDER APPROVING
## NOTICE OF OPPORTUNITY TO FILE DAMAGE CLAIM

At a session of said Court
held in the United States Courthouse in
Detroit, Michigan on December 21, 2011.

On November 17, 2011, this Court entered a Final Judgment pursuant to an August 17, 2011 Settlement Agreement. The Settlement Agreement provided that El Paso Tennessee Pipeline Co. would pay to Class Members an Authorized Claim Amount as determined pursuant to the Authorized Claims Procedure, which was attached to the Settlement Agreement as Exhibit A. Exhibit 5 to the Authorized Claims Procedure is a proposed Notice of Opportunity to File Damage Claim that, under the Settlement Agreement, was to be approved by the Court, entered by the Clerk and mailed to Class Members. The Final Judgment also provided that this Court retained jurisdiction for the purpose of enforcing and administering the Settlement Agreement.

Plaintiffs and El Paso Tennessee Pipeline Co. have submitted to the Court an agreed upon Notice of Opportunity to File Damage Claim and have asked this Court to approve the Notice, to have it entered by the Clerk and to require Class Counsel to mail the Notice to Class Members.

The Court has reviewed the Notice of Opportunity to File Damage Claim attached as Exhibit A to this Order and finds that it complies with the Settlement Agreement and is appropriate for advising Class Members of the opportunity to file a Damage Claim Form under the Settlement Agreement.

Plaintiffs and El Paso Tennessee Pipeline Co. propose that Class Counsel send the Notice, by first class mail, to Class Members, together with an appropriate Claim Form, samples of which are Exhibits 1 through 3 to the Authorized Claim Procedure, and an appropriate Instruction Sheet, copies of which are included in Exhibit 4 to the Authorized Claim Procedure, to the current or last known address of each Class Member.

Based on the foregoing findings and the stipulation of Plaintiffs and El Paso Tennessee Pipeline Co.:

1. IT IS HEREBY ORDERED that the attached Notice of Opportunity to File Damage Claim is hereby approved for entry by the Clerk.

2. IT IS FURTHER ORDERED that Class Counsel shall mail the Notice, and appropriate Claim Form and Instruction Sheet to each Class Member at his or her current or last known address by first class mail on or before January 17, 2012.

       s/Patrick J. Duggan
       Patrick J. Duggan
       United States District Judge

Dated: December 21, 2011
I hereby certify that a copy of the foregoing document was served upon counsel of record on Wednesday, December 21, 2011, by electronic and or ordinary mail.

         s/Marilyn Orem
         Case Manager

So Stipulated:
KIENBAUM OPPERWALL HARDY
    & PELTON, P.L.C.

By: /s/ William B. Forrest III
    William B. Forrest III (P60311)
    280 North Old Woodward, Suite 400
    Birmingham, Michigan 48009
    (248) 645-0000

    Attorneys for El Paso Tennessee Pipeline


KLIMIST, McKNIGHT, SALE, McCLOW
    & CANZANO

By: /s/ Roger J. McClow
    Roger J. McClow (P27170)
    400 Galleria Officentre, Suite 117
    Southfield, MI 48034-8460
    (248) 354-9650

    Attorneys for Plaintiffs


Dated: December 21, 2011




161699

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

*Yolton, et al v. El Paso Tennessee Pipeline Co. and CNH America LLC*: Case No. 02-CV-75164

**NOTICE OF OPPORTUNITY TO FILE DAMAGE CLAIM
AND OF AUTHORIZED CLAIM PROCEDURE**

To: Certain hourly retirees of Case Corporation and certain of their eligible surviving spouses

## I. STATUS OF PROCEEDINGS

On December 23, 2002, Plaintiffs Gladys Yolton, Wilbur Montgomery, Elsie Teas, Robert Betker, Edward Maynard and Gary Halsted ("Plaintiffs") filed this lawsuit seeking fully funded, lifetime health insurance benefits for themselves and a class of similarly situated retirees of Case Corporation and their surviving spouses. Plaintiffs filed this lawsuit after El Paso Tennessee Pipeline Company ("El Paso Tennessee") informed them in August 2002 that they would have to contribute toward the monthly cost of their health insurance premiums in order to continue receiving retiree health insurance benefits.

On March 15, 2004, a Preliminary Injunction became effective and, as of that date, El Paso Tennessee reinstated all Case retirees and their surviving spouses whose participation in the 1990 Group Benefit Plan had been terminated for non-payment of premiums, pending a final determination in the lawsuit.

On September 3, 2004, the Court granted Plaintiffs' motion for class certification, certifying the Class as:

> All former bargaining unit employees who retired under the Case Corporation (formerly J.I. Case) Pension Plan for Hourly Paid Employees on or before July 1, 1994 (other than former employees eligible for or receiving retirement benefits under the deferred vested provisions of the Pension Plan) and all surviving spouses of those former bargaining unit employees.

1

On March 7, 2008, the Court granted Plaintiffs' motion for summary judgment as to liability. The Court's March 7, 2008 order remains subject to appeal by El Paso Tennessee and CNH America, LLC.

On August 17, 2011, the Plaintiffs and El Paso Tennessee entered into a tentative Settlement Agreement of the litigation.

On August 19, 2011, the Court entered an Order preliminarily approving the Settlement Agreement and establishing a hearing date on any objections to the proposed Settlement Agreement.

On November 17, 2011, the Court entered a Judgment approving the Settlement Agreement.

The Settlement Agreement and the Judgment covers Class Members defined as follows:

> All former bargaining unit employees who retired under the Case Corporation (formerly J.I. Case) Pension Plan for Hourly Paid Employees on or before July 1, 1994 (other than former employees eligible for or receiving retirement benefits under the deferred vested provisions of the Pension Plan) and all surviving spouses who are (1) spouses of former bargaining unit employees who retired or died on or before July 1, 1994; and (2) eligible for or receiving surviving spouse benefits under the Case Corporation (formerly J.I. Case) Pension Plan for Hourly Paid Employees, other than a deferred vested pension.

The Settlement Agreement provides for a procedure for determining and paying the Authorized Claim Amounts.  Authorized Claim Amounts are an agreed upon percentage of the damages incurred by Class Members as a result of El Paso Tennessee's requirement that Class Members pay a Premium Contribution to maintain their health care insurance coverage for the period September 1, 2002 through March 15, 2004 (if you are a Pre- October 3, 1993 Class Member) or through October 17, 2007 (if you are a Post-October 3, 1993 Class Member).1  The

---

1 Post-October 3, 1993 Class Members are defined as "Retirees who retired on or after October 3, 1993 and their Surviving Spouses, who were not covered by the Preliminary Injunction until October 17, 2007."  A list of known Post-October 3, 1993 Class Members is attached to the Settlement Agreement as Exhibit J.

purpose of this Notice is to advise Class Members of the procedure by which the Authorized Claim Amounts will be determined and to inform them of the information that will be required from them to support each Authorized Claim Amount.

## II.     ELIGIBILITY FOR PAYMENT OF DAMAGE CLAIM AMOUNT

There are two groups of Class Members: **Enrolled Class Members** and **Non-Enrolled Class Members**. **Enrolled Class Members** are those Class Members who remained enrolled in the 1990 Group Benefit Plan continuously since September 1, 2002. **Non-Enrolled Class Members** are those Class Members whose enrollment in the 1990 Group Benefit Plan was terminated at any time after September 1, 2002.

**Enrolled Pre-October 3, 1993 Class Members** will be eligible for an Authorized Claim Amount reimbursing them for 70% of the Premium Contributions made to El Paso Tennessee. **Non-Enrolled Pre-October 3, 1993 Class Members** will be eligible for an Authorized Claim Amount to reimburse them for 70% of any Premium Contributions made to El Paso Tennessee plus 70 % of the additional cost of substitute insurance and: (1) out-of-pocket health care expenses; and (2) prescription drug expenses that would have been paid by the 1990 Group Benefit Plan if the Class Member had remained enrolled.

**Enrolled Post-October 3, 1993 Class Members** will be eligible for an Authorized Claim Amount reimbursing them for 75% of the Premium Contributions made to El Paso Tennessee. **Non-Enrolled Pre-October 3, 1993 Class Members** will be eligible for an Authorized Claim Amount to reimburse them for 75% of any Premium Contributions made to El Paso Tennessee plus 75% of the additional cost of substitute insurance and: (1) out-of-pocket health care expenses; and (2) prescription drug expenses that would have been paid by the 1990 Group Benefit Plan if the Class Member had remained enrolled.

Attached to this Notice are a Damage Claim Form and an Instruction Sheet.

If you are an **Enrolled Class Member**, the attached Damage Claim Form will show: 1) the Premium Contributions you paid to El Paso Tennessee beginning September 1, 2002 based on El Paso Tennessee's records of your payments; and 2) 70% of the Premium Contributions (75% for Enrolled Post-October 3, 1993 Class Members) which will be the proposed Authorized Claim Amount.

Certain **Enrolled Class Members** are also entitled to reimbursement of an Excess Premium Contribution. If an Enrolled Class Member is entitled to such a reimbursement, the amount of the Excess Premium Contribution will be shown on the Damage Claim Form and added to the amount calculated in the prior paragraph.

If you are a **Non-Enrolled Class Member**, the attached Damage Claim Form will show: (1) the Premium Contributions you paid to El Paso Tennessee beginning September 1, 2002 based on El Paso Tennessee's records of your payments; and (2) 70% of the Premium Contributions (75% for Non-Enrolled Post-October 3, 1993 Class Members) which will be the proposed Premium Contribution amount of the Authorized Claim Amount.

The Damage Claim Form further provides for Non-Enrolled Class Members to identify any claim for the cost of substitute insurance and for out-of-pocket health care expenses and prescription drug expenses that they made for the period after their enrollment in the 1990 Group Benefit Plan was terminated.

## III.   DEADLINE FOR FILING DAMAGE CLAIM FORMS; DOCUMENTATION

### A.   DEADLINE FOR FILING CLAIM FORMS

Damage Claim Forms must be mailed by first class mail, postage prepaid, and postmarked on or before March 17, 2012, to:

>   Roger J. McClow, Class Counsel
>   Klimist, McKnight, Sale, McClow & Canzano, P.C.
>   400 Galleria Officentre, Suite 117
>   Southfield, MI 48034

After the expiration of this period (the "Claim Period"), Damage Claim Forms will no longer be accepted and any Class Member who does not return a Damage Claim Form within the Claim Period will be barred from claiming any damage claim amount in excess of the amount based on the Premium Contribution shown on the Damage Claim Form. If a Class Member does not return a Damage Claim Form within the Claim Period, the Authorized Claim Amount of the claim set forth on the Damage Claim Form (or the Premium Contribution portion of the Authorized Claim Amount shown on the Damage Claim Form for Non-Enrolled Class Members), if any, will be that Class Member's Authorized Claim Amount.

### B.   EXPLANATION OF CLAIM AMOUNTS ON DAMAGE CLAIM FORMS

In most instances, the Damage Claim Form will contain a Premium Contribution amount. This amount is based on information received from El Paso Tennessee identifying the amount its records show that you paid in Premium Contributions to remain in the 1990 Group Benefit Plan after September 1, 2002.  The Damage Claim Form will show the portion of the Premium Contribution amount that El Paso Tennessee will pay under the Settlement Agreement – 70% for Pre-October 3, 1993 Class Members and 75% for Post-October 3, 1993 Class Members.

In some instances, Enrolled Class Members paid an Excess Premium Contribution that has not yet been reimbursed by El Paso Tennessee.  In those instances, the Damage Claim Form will show the amount of the Excess Premium Contributions that will be reimbursed as part of the Authorized Claims Procedure.

### 1. ENROLLED CLASS MEMBERS

If you are an **Enrolled Pre-October 3, 1993 Class Member**, the Damage Claim Form shows the amount of Premium Contributions that you paid for health insurance coverage to remain in the 1990 Group Benefit Plan for the period September 1, 2002 through March 15, 2004. The Claim Form also shows 70% of the Premium Contributions you paid. Under the Settlement Agreement, this is your proposed Authorized Claim Amount.

In you are an **Enrolled Post-October 3, 1993 Class Member**, the Damage Claim Form shows the amount of Premium Contribution that you paid to remain in the 1990 Group Benefit Plan for the period September 1, 2002 through October 17, 2007. The Claim Form also shows 75% of the Premium Contributions you paid. Under the Settlement Agreement, this is your proposed Authorized Claim Amount.

If you agree that the Premium Contribution amount shown on the Damage Claim Form is correct, you can obtain an early payment of the Authorized Claim Amount by signing and returning the enclosed Release. See pages 9-10 below for more information.

If you are an Enrolled Class Member and disagree with the Premium Contribution amount set forth on the Damage Claim Form, you must: (1) indicate your disagreement on the Damage Claim Form; (2) submit the amount of Premium Contributions you claim to have paid to El Paso Tennessee since September 1, 2002; and (3) submit supporting documentation required by paragraph C below.

### 2. NON-ENROLLED CLASS MEMBERS

If you are a Non-Enrolled Class Member, the Damage Claim Form indicates an amount that El Paso Tennessee's records show that you paid El Paso Tennessee in Premium Contributions for the health insurance coverage to remain in the 1990 Group Benefit Plan for the period beginning September 1, 2002 and ending with the termination of your enrollment in the 1990 Group Benefit Plan. It also shows the Premium Contribution portion of your proposed

6

Authorized Claim Amount, which is 70% of the Premium Contributions for Non-Enrolled Pre-October 3, 1993 Class Members and 75% of the Premium Contributions for Non-Enrolled Post-October 3, 1993 Class Members.

If you agree to the Premium Contribution portion of the proposed Authorized Claim Amount, you should go to Page 2 of the Damage Claim Form for information on making a claim for substitute insurance, out-of-pocket health care expenses, and prescription drug expenses as described below.  If you disagree with the amount of Premium Contributions made to El Paso Tennessee set forth on the Damage Claim Form, you must: (1) indicate your disagreement on the Damage Claim Form; (2) submit the amount of Premium Contributions you claim to have paid to El Paso Tennessee for the period beginning September 1, 2002; and (3) submit supporting documentation required by paragraph C below.

In addition, as a Non-Enrolled Class Member, you may identify on the Damage Claim Form any claimed damages for the cost of substitute insurance and for out-of-pocket health care expenses and prescription drug expenses that would have been paid by the 1990 Group Benefit Plan if you had remained enrolled.  If such a claim is made, a Non-Enrolled Class Member must submit with the completed Damage Claim Form the supporting documentation required by paragraph C below.

Non-Enrolled Pre-October 3, 1993 Class Members may identify such expenses incurred between the date of your termination from the 1990 Group Benefit Plan and March 15, 2004.

Non-Enrolled Post-October 3, 1993 Class Members may identify such expenses incurred between the date of your termination from the 1990 Group Benefit Plan and October 17, 2007.

Non-Enrolled Class Members will be eligible for reimbursement of 70% (75% for Non-Enrolled Post-October 3, 1993 Class Members) of properly documented cost of substitute insurance, out-of-pocket health care expenses and prescription drug expense that would have been paid under the 1990 Group Benefit Plan.

7

On the Damage Claim Form, Non-Enrolled Class Members will: (1) identify all sources of health care insurance or benefits other than the 1990 Group Benefit Plan under which you may have been covered since September 1, 2002; (2) authorize El Paso Tennessee or its designee to review the documentation submitted with the Damage Claim Form; and (3) verify that, to the best of your knowledge: (a) the information submitted is true and correct; (b) the claims submitted have not been paid, in whole or in part, by another insurer, by a government agency or charitable organization, or any other third party (other than family or friends on your behalf); and (c) the claims submitted have not been reduced, discounted or refunded, in whole or in part, by the provider.  Non-Enrolled Class Members seeking either: (1) $250 or more in damages arising from any one service or treatment from any provider (or a series of services or treatments from one provider); or (2) damages arising from 10 or more services or treatments from any providers that total $1,000 or more, will sign a separate medical release form authorizing Class Counsel and El Paso Tennessee to contact their insurers, medical providers, and others to request information and documents necessary to verify claims made in the Damage Claim Forms.

**IMPORTANT NOTE**: This Authorized Claim Procedure is a substitute for a trial on damages. The information contained in your Damage Claim Form will be submitted to the Court. It is therefore very important that the information you provide is true and accurate.

### C.   PROPER DOCUMENTATION FOR DAMAGE CLAIM FORMS

If you do not agree that the proposed Authorized Claim Amount for Premium Contributions is accurate, you must reject the proposed Authorized Claim Amount. If you reject the proposed Authorized Claim Amount, you must provide proper documentation showing the amount you paid in Premium Contributions beginning September 1, 2002. If you do not provide sufficient documentation of Premium Contributions, your Authorized Claim Amount will be limited to the proposed Authorized Claim Amount for Premium Contributions shown on the

Damage Claim Form or the Authorized Claim Amount you have properly documented for Premium Contributions.

A Damage Claim for the cost of substitute insurance and out-of-pocket health care and prescription drug expenses submitted by a Non-Enrolled Class Member will be properly documented if a Class Member or legal representative submits or has submitted on his or her behalf: (1) insurance, medical or prescription bills or records from an employer, insurance company, physician, hospital, pharmacy or other health care provider that show expenses incurred; and (2) proof that the expenses were either: (a) paid; or (b) remain payable. General information regarding average claims or premiums paid, statistical analyses or predictions, or similar information will not be adequate to support a damage claim. If you do not provide sufficient documentation of the cost of substitute insurance and out of pocket health care and prescription drug expenses, your Authorized Claim Amount will be limited to the proposed Authorized Claim Amount for Premium Contributions shown on the Damage Claim Form (if any) or the portion of the Authorized Claim Amount you have properly documented for Premium Contributions and/or the cost of substitute insurance and out-of-pocket health care and prescription drug expenses.

## V.     EARLY AUTHORIZED CLAIM AMOUNT PAYMENT

### A.     ENROLLED CLASS MEMBERS

If you agree that the proposed Authorized Claim Amount shown on the Claim Form is correct, you are eligible for an Early Authorized Claim Amount Payment. To obtain an early payment of the proposed Authorized Claim Amount shown on the Claim Form, you must sign and return the enclosed Release within 15 days of the end of the Claim Period. If you agree to the proposed Authorized Claim Amount shown on the Claim Form and sign a Release, you will not have to wait until after the conclusion of the Authorized Claim Procedure set forth below to receive payment of your Authorized Claim Amount.

  **B.**  N<small>ON</small>-E<small>NROLLED</small> C<small>LASS</small> M<small>EMBERS</small>

If you agree that the proposed Premium Contribution portion of your Authorized Claim Amount shown on the Claim Form is correct, and you decide <u>not</u> to submit a claim for the cost of substitute insurance and out-of-pocket health care and prescription drug expenses, you are eligible for an Early Authorized Claim Amount Payment. To obtain an early payment of the proposed Premium Contribution portion of the Authorized Claim Amount shown on the Claim Form as your final Authorized Claim Amount, you must sign and return the enclosed Release within 15 days of the end of the Claim Period. If you agree that the proposed Premium Contribution portion of the Authorized Claim Amount shown on the Claim Form is your final Authorized Claim Amount and sign a Release, you will not have to wait until after the conclusion of the Authorized Claim Procedure set forth below to receive payment of your Authorized Claim Amount.

If you have significant out-of-pocket costs for substitute insurance and/or health care and prescription drug expenses, you should *not* seek an early payment of the Premium Contribution portion of the proposed Authorized Claim Amount but should submit documentation for those expenses according to the procedure set forth in Section V directly below.

**V.** **AUTHORIZED CLAIM AMOUNT DETERMINATION AND PAYMENT PROCEDURE**

Class Counsel will review all Damage Claim Forms timely submitted by Non-Enrolled Class Members and by Enrolled Class Members who reject the proposed Authorized Claim Amount on the Damage Claim Form and obtain additional information to properly document damage claims if necessary. Class Counsel will preliminarily determine Authorized Claim Amounts. As Class Counsel determines the number and amount of properly documented Authorized Claim Amounts, Class Counsel will prepare individual reports for El Paso Tennessee explaining what Authorized Claim Amounts Class Counsel deems to be properly documented

10

and in what amount. Class Counsel will send all reports to El Paso Tennessee during or within 90 days after the close of the Claim Period. Class Counsel may seek a short extension of this 90-day time period for specific claims if reasonably necessary. Class Counsel will submit a list of Enrolled Class Members who accept or who have not rejected the claim amount on the Damage Claim Form within 14 days of the close of the Claim Period.

El Paso Tennessee will then have 90 days after receipt of the last report from Class Counsel to complete its review of the reports and the supporting documents and to request and review other pertinent information from Class Counsel regarding the proposed Authorized Claim Amounts. Prior to the end of this 90-day period, El Paso Tennessee will inform Class Counsel what damage claims it agrees are properly documented and of any objections El Paso Tennessee may have to any other damage claims. El Paso Tennessee may seek a short extension of this 90-day time period to review and seek information about specific claims if reasonably necessary. If Class Counsel and El Paso Tennessee cannot promptly resolve the objections, the disputed damage claims will be submitted to the Magistrate Judge for resolution. The burden of proving damages to the Magistrate Judge (other than the Premium Contribution amounts shown on the Damage Claim Forms) will be on the Class Member.

If a disputed damage claim exceeds $50,000, the parties may commence reasonable discovery for a period of 90 days. In the case of a disputed Authorized Claim Amount, the Magistrate Judge will issue a recommended decision on the damage claim after the submission of briefs by both parties and such formal or informal hearing as the Magistrate Judge deems appropriate. Either party may file objections to any decision by the Magistrate Judge with the Court in accordance with the Federal Rules of Civil Procedure. In no objections are timely filed, the decision of the Magistrate Judge will be final and binding on the parties. If objections are filed, the decision of the Court will be final and binding on the parties.

Within 14 days following agreement or resolution of disputes as to damage claims, Class Counsel will prepare and mail to all Class Members: (1) a Authorized Claim form setting forth the Authorized Claim Amount for each Class Member; and (2) the Notice of Authorized Claim Amount establishing a 30-day period for Class Members to file with the Court written objections to the amount of damages set forth on the Authorized Claim Form.

All Non-Enrolled Class Members who seek damages in addition to the Premium Contribution portion of the proposed Authorized Claim Amount will sign a Declaration, included with the Authorized Claim Form, stating under penalty of perjury that the claims submitted: (1) have not been paid, in whole or in part, by another insurer, by a government agency or charitable organization or any other third party (other than family or friends on your behalf); and (2) have not been reduced, discounted, or refunded, in whole or in part, by the provider.

If written objections are timely received, the Court may schedule a hearing at which such objections to the Authorized Claim Amount will be resolved. A Class Member's failure to return the original Damage Claim Form within the Claim Period or failure to provide the required documentation with the Damage Claim Form shall preclude any objection to the Authorized Claim Amount set forth on the Authorized Claim Form. The burden of proving objections to the Authorized Claim Amount set forth on the Authorized Claim Form will be on the Class Member.

Following the resolution of any objections by Class Members, the Court will enter a Claims Order incorporating the Authorized Claim Amounts.

After the Claims Order becomes Final, Class Counsel will notify El Paso Tennessee that Class Counsel is ready to distribute the Authorized Claim Amount checks. El Paso Tennessee will deliver those checks to Class Counsel within 60 days after receipt of the notice. Class Counsel will then mail the checks to Class Members as provided in the Claims Order.

Any checks that are uncashed at the end of 180 days after the date of distribution will revert to El Paso Tennessee.

## VI. ADDITIONAL INFORMATION

Any questions you have about matters contained in this Notice (and any address changes) should NOT be directed to the Court but should be addressed in writing to:

Roger J. McClow, Class Counsel
Klimist, McKnight, Sale, McClow & Canzano, P.C.
400 Galleria Officentre, Suite 117
Southfield, MI 48034

You may, of course, seek the advice and guidance of your own attorney if you desire. You do not have to employ counsel, however, to receive the Authorized Claim Amount. If you retain counsel, it must be at your own expense.

## VII. REMINDER OF TIME LIMIT

All Damage Claim Forms must be completed and returned to Class Counsel by first class mail postmarked no later than March 17, 2012.

Dated: _____

Clerk of the Court

13